# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0196V
Filed: February 14, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| AVERY KRANZ and ALYSSA KRANZ, Parents of M.K., a minor,      Petitioners, v. SECRETARY OF HEALTH AND HUMAN SERVICES,      Respondent. | Attorneys' Fees and Costs; Special Processing Unit ("SPU") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Ronald Homer, Conway, Homer & Chin-Caplan, P.C.*, Boston, M.A., for petitioner.
*Glenn Alexander MacLeod*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 2, 2015, Avery and Alyssa Kranz ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [(the "Vaccine Act"). Petitioners alleged that their son, M.K. suffered abscesses at the injection sites of both the Pentacel (Diphtheria-Tetanus-acellular-Pertussis ("DTAP"), Haemophilus influenza type b ("Hib"), inactivated polio ("IPV"), and Prevnar (pneumococcal conjugate ("PCV")) vaccines he received on March 21, 2013, and the Pentacel and Prevnar vaccines he received on August 19, 2013. On August 17, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 41).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 22, 2016, petitioners filed a motion for attorneys' fees and costs. (ECF No. 46). Petitioners requests attorneys' fees in the amount of $17,471.20, and attorneys' costs in the amount of $617.57, for a total amount of $18,088.77. *Id.* at 1. In compliance with General Order #9, petitioners have filed a signed statement indicating they incurred $1,569.64 in out-of-pocket expenses. On January 9, 2017, respondent filed a response to petitioners' motion. (ECF No. 48).

In her response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *Id.* at 2. Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3.

The undersigned fully agrees with the analysis in the *McCulloch*[3] case regarding appropriate hourly rates for the attorneys in the Conway, Homer, and Chin-Caplan law firm and adopts the same reasoning in this case. Furthermore, the undersigned has reviewed the billing records submitted with petitioners' request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioners' request, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $19,658.41,[4] as follows:**

- **A lump sum of $18,088.77, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Conway Homer, PC; and**

---

[3] *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $1,569.64, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.